IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| WREY L. TAYLOR | § | |
| v. | § | CIVIL ACTION NO. 6:09-CV-189 |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION | § | |
| | § | |

MEMORANDUM OPINION AND ORDER
ON PLAINTIFF'S MOTION FOR ATTORNEY'S
FEES PURSUANT TO 42 U.S.C. § 406(b)

On April 28, 2009, Plaintiff initiated this lawsuit by filing a complaint seeking judicial review of the Commissioner's decision denying his application for Social Security benefits. The matter was referred to for findings of fact, conclusions of law and recommendations for the disposition of pending motions pursuant to 28 U.S.C. § 636(b)(1).

*Background*

The Commissioner filed an answer to the complaint on September 22, 2009. Plaintiff filed his opening brief on February 11, 2010. The Commissioner then filed a motion to remand on May 12, 2010. Also on May 12, 2010, the Court issued a Report and Recommendation that the motion be granted and the case be reversed and remanded. On June 3, 2010, the District Court adopted the Report and Recommendation and entered a Final Judgment reversing and remanding the decision of the Administrative Law Judge.

1

On July 6, 2010, Plaintiff filed a Motion for Attorney Fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, in the amount of $4,439.98. The Court granted the motion and awarded the aggregate amount on August 2, 2010.

On remand, Plaintiff was found disabled and entitled to a period of disability and disability insurance benefits and was awarded past due benefits. *See* Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) )docket entry #28) at Exhibit B (Social Security Administration letter of March 7, 2012)). Movant, Plaintiff's counsel,[1] then filed the instant motion on June 11, 2013, seeking fees for representation in this Court in the amount of $20,512.50, citing the Social Security Administration's letter of March 7, 2012, and follow-on letter of January 16, 2013. *See id*. at Exhibit B. Movant explains that this amount is the balance after payment to Plaintiff's counsel at the administrative level under § 406(a). *See id*. at 5. Movant further states that in recognition of the $4,439.98 already paid under the EAJA, he moves for payment in the effective amount of $16,075.52. *Id*.[2]

---

[1] This motion actually covers the work of two attorneys. Elizabeth Bower Dunlap started the representation; when she was nominated as an Administrative Law Judge for the Social Security Administration, she moved for a substitution of counsel, *see* docket entry #18, which the Court granted. She was succeeded by Movant filing this motion, Michael P. Dunlap. *Id*. This award of fees apparently would be split between them for their respective work.

[2] There are two problems arising from Movant's motion. First, the amount withheld by the Administration for payment under § 406(b) is reflected as $21,512.50 in the Administration's letter of January 16, 2013 (Exhibit B), not the $20,512.50 as stated in the motion. However, inasmuch as that is the amount requested, that is the amount the Court will address. Second, the difference between $20,512.50 and $4,439.98 is $16,072.52, not $16,075.52 as stated in the motion. Given that payment of the full amount will be directed and that Movant will have to refund the $4,439.98 EAJA payment to Plaintiff as stated herein, the latter point is not material.

The Commissioner filed her response on June 17, 2013. The Commissioner's position is that (1) the Administration cannot withhold an offset amount for the earlier payment of $4,439.98 under the EAJA, but that Movant will have to refund that amount to Plaintiff himself; and (2) it is up to the Court to determine the amount to be paid under § 406(b). *See* Comm'r Response at 4.

## *Discussion*

The Act provides that when a court renders a judgment favorable to a claimant who was represented by an attorney in a Social Security disability matter, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total for past-due benefits to which the claimant is entitled. 42 U.S.C. § 406(b)(1). The District Court can only award fees for work performed before the Court, and not for any work performed at the administrative level. *Mudd v. Barnhart*, 418 F.3d 424, 427 (4th Cir.2005); *Brown v. Sullivan*, 917 F.2d 189, 191 (5th Cir.1990), *abrogated on other grounds*, *Gisbrecht v. Barnhart*, 535 U.S. 789, 122 S. Ct. 1817, 152 L. Ed. 2d 996 (2002).

Here, the Commissioner has affirmed that the amount reserved for payment of attorney fees under § 406(b) is $21,512.50, consistent with 25% of the past-due benefits paid to Plaintiff in this case. Further, the contingency fee agreement between Movant and Plaintiff is in the amount not to exceed 25% of benefits awarded. *See* Motion at Exhibit A. In addition, Movant has demonstrated that he has performed 26.2 hours of representation in this Court. *See id.* at 7 (citing earlier motion for attorney fees under the EAJA with documenting timesheets at docket entry #25). As noted above, the Commissioner does not object to the fee, though she notes that if the full 25% were to be paid, it would amount to a per-hour rate of $651.62. However, the amount requested in Movant's

motion is less, as is the per-hour rate. In light of the work performed and absent an objection, the Court finds that the amount of the requested award is reasonable. *Gisbrecht*, 535 U.S. at 808.

Movant acknowledges that he has already been awarded attorney fees in the amount of $4,439.98 under the EAJA and that the lesser of the award under the EAJA or the award under § 406(b) must be refunded to the Plaintiff. *See* Motion at 4; *Astrue v. Ratliff*, - - - U.S. - - - -, 130 S. Ct. 2521, 2528 n.4, 177 L. Ed. 2d 91 (2010) (citing 1985 amendment note to 28 U.S.C. § 2412).

After due consideration, in light of the foregoing, it is hereby

**ORDERED** that Movant's Motion for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (docket entry #28) is hereby **GRANTED**. Movant shall be awarded the sum of $20,512.50 to be paid out of Plaintiff's past-due benefits for representation before this Court in this matter. It is further

**ORDERED** that, concomitant with the award of attorney fees under § 406(b) herein, Movant shall refund the amount of $4,439.98 to Plaintiff.

**So ORDERED and SIGNED this 1st day of July, 2013.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE